IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. LONG, SR. & | : | |
| JANET V. LONG, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRISTOL TOWNSHIP, *et al.*, | : | NO.   10-1069 |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *11th* day of *July*, 2012, upon consideration of Defendants' Motion for Summary Judgment (Docket No. 55), and Plaintiff's Response in Opposition (Docket No. 60), it is hereby **ORDERED** that Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' Motion is **GRANTED and JUDGMENT IS ENTERED** in their favor to the extent Plaintiffs' claims allege deprivations of their Fifth Amendment due process rights (Count I);

2. Defendants' Motion is **GRANTED and JUDGMENT IS ENTERED** in their favor to the extent Plaintiffs' claims allege deprivations of their Fourteenth Amendment procedural due process rights (Count I);

3. Defendants' Motion is **GRANTED and JUDGMENT IS ENTERED**  in their favor to the extent Plaintiffs' claims allege deprivations of their Fourteenth Amendment substantive due process rights (Count I);

4. Defendants' Motion is **DENIED** to the extent Plaintiffs' claims allege deprivations of their Fourteenth Amendment equal protection rights (Count II);

5. Defendants' Motion is **GRANTED and JUDGMENT IS ENTERED** in their favor to the extent Plaintiffs' claims allege an unconstitutional taking of their property (Count III);

6. Defendants' Motion is **DENIED AS MOOT** to the extent Plaintiffs' claims allege a civil

Case 2:10-cv-01069-RB   Document 62   Filed 07/11/12   Page 2 of 2

conspiracy (Count IV);[1]

7. Defendants' Motion, to the extent it asserts Plaintiffs have failed to establish the presence of municipal liability on the part of Bristol Township, is **DENIED**;

8. Summary judgment is **DENIED AS MOOT** on all claims asserted against Defendant Peggy Horvath as she is since deceased;[2]

9. Summary judgment is **GRANTED** on all claims asserted against Defendants Al Burgess, Ronald Marczak, Joseph Champey, and John Gushue for actions taken in their individual capacities as they are entitled to judicial immunity **and JUDGMENT IS ENTERED** in their favor;

10. Summary judgment is **GRANTED** on all claims asserted against Defendant Wendy Margulies for actions taken in her individual capacity **and JUDGMENT IS ENTERED** in her favor;

11. Summary judgment is **DENIED** on all claims asserted against Defendant Glenn M. Kucher for actions taken in his individual capacity;

12. Summary judgment is **GRANTED** on all claims asserted against Defendants Tina Davis, John Monahan, and Linda Tarlini for actions taken in their individual capacities as they are entitled to qualified immunity **and JUDGMENT IS ENTERED** in their favor;

13. Plaintiffs' request for punitive damages is **DENIED** as to all § 1983 claims asserted against Bristol Township as an entity. Plaintiffs' request for punitive damages as to the individually named defendants—*i.e*., Defendant Kucher—may proceed forward to trial.

It is so **ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

[1] In their Response in Opposition (Docket No. 60), Plaintiffs withdraw their conspiracy claims set forth in their Complaint. (See Pls.' Resp. Opp'n 19.)

[2] In their Response in Opposition (Docket No. 60), Plaintiffs withdraw their claims asserted against Defendant Peggy Horvath on the basis that she is since deceased. (See Resp. Opp'n 20.)

2