**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT C. LONG, SR. & | : | |
| JANET V. LONG, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRISTOL TOWNSHIP, *et al.*, | : | NO.   10-1069 |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                             August 14,  2012

      Presently before the Court is the Motion for Leave to Amend the Complaint of Plaintiffs Robert C. Long, Sr. and Janet V. Long ("the Longs" or "Plaintiffs").  For the following reasons, the Motion is denied with prejudice.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      The factual background of this case is one familiar to all relevant parties and the Court.  On March 11, 2010, Plaintiffs filed their initial Complaint before this court, asserting violations of their constitutional rights pursuant to 42 U.S.C. § 1983. (See generally Doc. 1, Compl. ("Orig. Compl.").)[1] In addition to Bristol Township, also listed as Defendants in this initial Complaint were Bristol Township officials Glenn M. Kucher, Wendy Margulies, Al Burgess, Ronald Marczak, Peggy Horvath, Joseph Champey, John Gushue, Tina Davis, John Monahan, and Linda Tarlini.  (See id. ¶¶ 6–17.) George and Susan Rosenberg—the Longs' neighbors—were also originally listed as

---

[1]  All internal citations to the record in this Memorandum reference Docket No.10-1069.

defendants in this action, but the parties stipulated to their dismissal on May 10, 2012. (See Doc. No. 58, Joint Stipulation of Dismissal ("Rosenberg Stipulation").) Plaintiffs' initial Complaint alleged: (1) deprivation of their procedural and substantive due process rights (Count I); (2) deprivation of their equal protection rights (Count II); (3) a taking of their property (Count III); and (4) a conspiracy to deprive them of their constitutional rights (Count IV). (See Compl. ¶¶ 43–69.) Defendants filed a Motion for Summary Judgment on April 9, 2012, and Plaintiffs responded in opposition on May 4, 2012. (See Doc. No. 55, Defs.' Mot. Summ. J.; Doc. No. 60, Pls.' Mem. Opp'n Defs.' Mot. Summ. J. ("Pls.' Resp. Opp'n").)

On July 11, 2012, the Court issued a Memorandum Opinion and Order, in which it granted in part and denied in part Defendants' Motion for Summary Judgment. (See Doc. No. 61, 07/11/12 Mem. Op. & Order.) More specifically, the Court granted summary judgment in Defendants' favor on Plaintiff's procedural and substantive due process claims under the Fifth and Fourteenth Amendments, and their taking of property claim under the Fifth Amendment and Pennsylvania state law.[2] (See id. at 9–18, 25–27.) The Court likewise held in its Memorandum Opinion and Order that Defendants Marczak, Champey, and Gushue were judicially immune from all claims asserted against them in their individual capacities, and that Defendants Davis, Monahan, and Tarlini were entitled to qualified immunity for actions taken in their individual capacities. (See id. at 27–36.) The Court also entered summary judgment on all claims asserted Defendant Marguiles in her individual capacity on the basis that the Longs failed to identify a genuine issue of material fact as to her lack of personal liability, and denied summary judgment as moot on all claims asserted against Defendant

---

[2] In their Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiffs withdrew the conspiracy claim set forth in their Complaint, and the Court therefore also denied summary judgment on this point as moot.

Horvath as she is since deceased.  (See id. at 28 n.14, 34.)  Finally, the Court also denied Plaintiffs'

request for punitive damages as to all § 1983 claims asserted against Bristol Township as an entity.

(Id. at 39.)  As such, following the issuance of the Court's July 11th Memorandum Opinion and

Order, the only remaining issues set to proceed to trial are Plaintiffs' equal protection claims under

the Fourteenth Amendment[3] asserted against (1) Bristol Township as an entity, (2) the individually-

named officers for actions taken in their official—not personal—capacities, and (3) Defendant Glenn

M. Kucher for actions taken in both his individual and official capacities.  The Court also sustained

Plaintiffs' request for punitive damages to the extent it related to Plaintiffs' claims against Kucher

in his individual capacity.

On July 23, 2012, Plaintiffs filed the present Motion seeking leave to amend their original

Complaint.  (See Doc. No. 63, Pls.' Mot. Amend. Compl. ("Pls.' Mot. Amend Compl.").)  Plaintiffs

attached a copy of their proposed Amended Complaint to their Motion.  The proffered rationale for

Plaintiffs' requested amendment is stated as follows:

> Based upon the Court's decision and Order on the Motion for Summary Judgment
> dismissing certain parties and claims, Plaintiffs seek the Court's permission to file
> an Amended Complaint clarifying the remaining claims against the Defendants and
> correcting certain typographical errors.

(See id. ¶ 5.)  Defendants responded in opposition on July 25, 2012, thereby making this issue ripe

---

[3] In their original Complaint, Plaintiffs brought their equal protection claim under the
Thirteenth Amendment.  The Thirteenth Amendment, however, makes no reference to equal
protection, but rather provides that: "[n]either slavery nor involuntary servitude, except as a
punishment for crime whereof the party shall have been duly convicted, shall exist within the
United States[.]"  U.S. Const. amend. XIII.  Given Plaintiffs' discussion and treatment of their
equal protection claim in their briefing, however, in its July 11th Memorandum Opinion and
Order the Court assumed that the Longs meant to base their equal protection claim on the Equal
Protection Clause of the Fourteenth—rather than Thirteenth—Amendment.

for the Court's consideration. (See Doc. No. 64, Defs.' Mem. Opp'n Pls.' Leave Amend Compl. ("Defs.' Resp. Opp'n").)

## II.   DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once prior to service of a response. See Fed. R. Civ. P. 15(a)(1). If, however, a responsive pleading has already been filed, then a party may only amend its initial pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the court should do so "freely" and "when justice so requires." Id.

"Nonetheless, a court is not required to grant leave to amend in every instance where leave is sought." Schutter v. Herskowitz, No. Civ.A.07-3823, 2008 WL 2726921, at *7 (E.D. Pa. July 11, 2008). Rather, the grant or denial of leave to amend falls to the Court's sound discretion. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Washington v. Grace, Nos. Civ.A.08-1283 & 07-867, 2012 WL 398763, at *4 (M.D. Pa. Feb. 7, 2012). The exercise of this discretion, however, must always be exercised "in a manner aimed at securing the just, speedy and inexpensive determination of every action[.]" Id. at *6 (internal string citation omitted). The Supreme Court has provided several factors to assist the lower courts in making such a determination, including the presence of: undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and the potential futility of the amendment. Foman, 371 U.S. at 182; see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Particularly relevant to the present discussion are the futility, prejudice, and undue delay factors.

In determining whether an amended pleading would be futile, the Third Circuit has stated

that, generally, "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (internal citation omitted). An amendment is also considered futile if the amended claim would not withstand a motion for summary judgment. Schutter, 2008 WL 2726921, at *8 (internal citations omitted). In this case, Plaintiffs' claims have already been the subject of prior adjudication by this Court. In particular, the Court previously entered summary judgment in Defendants' favor on Plaintiffs' procedural and substantive due process claims, held that all the Township officials—with the exception of Defendant Kucher—were entitled to some form of immunity, and denied Plaintiffs' request for punitive damages from Bristol Township. In their present Motion, Plaintiffs seek leave to amend their Complaint in order to "clarify the remaining claims" and "correct certain typographical errors." (Pls.' Mot. Amend. Compl. ¶ 5.) Rather than "clarify" the equal protection claim which survives against the remaining Defendants, however, Plaintiffs' proposed Amended Complaint appears to be a mere reiteration of several of their initial claims against many already-dismissed Defendants.

For example, in their proposed Amended Complaint, Plaintiffs once again bring their claims against Township officials Burgess, Marczak, Champey, Gushue, Davis, Monahan, and Tarlini in both their individual and official capacities, despite the fact that the Court has already determined that these individuals are immune from suit here for actions taken in their individual capacities. (See Pls.' Mot. Amend. Compl., Ex. B, Proposed Amended Compl. ("Am. Compl.") ¶¶ 9–17.) The Longs likewise continue to pursue punitive damages against Bristol Township in their proposed Amended Complaint, even though the Court denied their original request to do so in its July 11, 2012 Memorandum Opinion and Order. (See id. ¶¶ 51(3), 55(3).)

5

Furthermore, Count I of Plaintiffs' proposed Amended Complaint reasserts that the named Defendants violated their procedural and substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.[4]  (See id. ¶¶ 42–51.)  As previously noted, however, the Court has already granted summary judgment in Defendants' favor on these claims.  The filing of an amended pleading does not permit Plaintiffs to hit the "restart" button in this litigation and reargue matters which have already been conclusively decided.  As such, given that a significant amount of Plaintiffs' proposed Amended Complaint is a reiteration of matters which have already been decided on the merits, the Court concludes that permitting the amendment to go forward would be an exercise in futility.

As to Plaintiffs' request to clarify its remaining equal protection claim in its Amended Complaint, the Court finds that allowance of the amendment would prejudice Defendants and unduly delay further adjudication of this case.  As an initial matter, Plaintiffs assert their equal protection claim against "all defendants" in their proposed Amended Complaint.  (See id. at 11.)  Officers

---

[4] In their original Complaint, Plaintiffs mistakenly alleged that Defendants violated their procedural due process rights under the Fifth Amendment.  (See Compl. at 9.)  In its July 11, 2012 Memorandum Opinion, the Court noted that the law is clear that the Fifth Amendment only applies to actions taken by the federal government.  (See 07/11/12 Mem. Op. & Order at 9 n.5.)  Given that Bristol Township is a local government entity not associated with the federal government, the Court therefore found that Defendants were entitled to summary judgment on all of Plaintiffs' claims against the Township alleging a violation of their Fifth Amendment due process rights.  (See id.)

Despite being made aware of the mistaken basis of their original claim, Plaintiffs once again reassert their procedural due process claim pursuant to the Fifth Amendment in their proposed Amended Complaint.  (See Am. Compl. at 9.)  The Third Circuit has previously recognized that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."  Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998).  As such, Plaintiffs' failure to correct in their Amended Complaint the deficiencies present in the original Complaint also weighs in favor of denying their request for leave to amend.

Marguiles, Horvath, Burgess, Marczak, Champey, Gushue, Davis, Monahan, and Tarlini are no longer defendants in this litigation, however, and permitting the Longs to re-assert their equal protection claim against them would be unduly prejudicial and would unnecessarily prolong resolution of this matter.

Moreover, the basis of Plaintiffs' equal protection claim in their proposed Amended Complaint differs from the reasoning proffered and discussed during the prior summary judgment stage of proceedings.  More specifically, in their previously-filed Response in Opposition to Defendants' Motion for Summary Judgment, the Longs solely argued that summary judgment was inappropriate on their equal protection claim because there was evidence in the record indicating that the variance extension requests of other similarly situated land developers were granted, despite the fact that they—just like the Longs—also had not adhered to the certain Township rules and regulations.  (See Pls.' Resp. Opp'n at 17–18.)  In Count II of their instant proposed Amended Complaint discussing equal protection, Plaintiffs make no mention of these other similarly situated land developers, but rather exclusively base their claims on the Township's alleged different treatment of their neighbors, the Rosenbergs.  (See Am. Compl. ¶¶ 52–55.)  In this Count, the Longs once again request the Court to award them equitable relief in the form of an Order compelling the Rosenbergs to alter their property to adhere to existing zoning regulations.  (See id. ¶ 55(4).)  Plaintiffs, however, appear to have somehow overlooked the fact that, on May 10, 2012, they entered into a stipulation with the Defendants—by their own agreement and with no influence from the Court—that agreed to the dismissal of the Rosenbergs as defendants in this matter.  (See Rosenberg Stipulation.)  Thus, to the extent that the Longs presently attempt to use their Amended Complaint to resurrect their claims against the Rosenbergs, the Court points them to the text of their own

previously agreed-upon stipulation.

On the other hand, to the extent that the Longs seek to use the Township's treatment of the Rosenbergs as a new basis for their equal protection claim *against the Township*, the Court finds that permitting the amendment to proceed on these grounds would result in unnecessary delay and undue prejudice to the Township.  First, the Court notes that, if it were to allow the amendment to proceed solely on these grounds, the Township would need to conduct additional discovery and engage in further motion practice to respond to Plaintiffs' new argument.  This would result in Defendants' incurment of additional litigation costs, as well as the postponement of trial on these issues.  Second, even though prejudice to the plaintiff resulting from the denial of the amendment is not a factor put forth by the Supreme Court in determining whether leave to amend should be granted, the Court recognizes that the Longs themselves would not be prejudiced by denial of their requested Amended Complaint because their equal protection claim against the Township is set to proceed to jury trial. At trial, Plaintiffs are free to present any and all evidence—including the Township's treatment of their neighbors—indicating that they were denied equal protection of the laws.[5]  As such, this consideration further weighs in favor of denying leave to amend in this case.

Finally, the Court notes that the "animating principle behind Rule 15 . . . is 'to make pleadings a means to achieve an orderly and fair administration of justice'" and that the Court's discretion should be executed "in a manner aimed at securing the just, speedy and inexpensive determination" of legal matters.  Grace, 2012 WL 398763, at *6 (quoting Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty., 377 U.S. 218, 227 (1964)) (further citation omitted).  To grant the Plaintiffs

---

[5] All such evidence, of course, would need to adhere to the standards set forth by the Federal Rules of Evidence.

leave to amend solely on the grounds that they have offered in their instant Motion would essentially gut this "animating principle" of Rule 15. The basis of the Court's decision to deny leave to amend here is therefore further amplified when considered against the backdrop of the legal principles enunciated by the Federal Rules of Civil Procedure and corresponding Supreme Court jurisprudence.

Therefore, because the Longs' Amended Complaint would be futile, unduly prejudicial, and would unnecessarily further delay resolution of this matter, the Court denies their request for leave to amend.

An appropriate Order follows.